IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02157-JLK-MJW

ROBERT J. ENGLAND,
DENNIS W. BOND, and
MICHAEL P. STEIGMAN,

Plaintiffs,

v.

MARRIOT INTERNATIONAL, INC. and
THE MARRIOT INTERNATIONAL, INC. STOCK AND CASH INCENTIVE PLAN,

Defendants.

---

**ORDER ON
LEWIS F. FOSTER'S MOTION TO QUASH MARRIOT'S DEPOSITION SUBPOENA
(Docket No. 1)
and
DEFENDANTS' MOTION TO COMPEL LEWIS F. FOSTER'S DEPOSITION
(Docket No. 5)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Now before the court is Lewis F. Foster's Motion to Quash Marriot's Deposition Subpoena (Docket No. 1) and Defendants' Motion to Compel Lewis F. Foster's Deposition (Docket No. 5).  The court has carefully considered the Motion to Quash (Docket No. 1), the Motion to Compel (Docket No. 5), defendants' response to the Motion to Quash (Docket No. 4), Mr. Foster's combined response/reply (Docket No. 15), and defendants' reply (Docket No. 16).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact,

2

conclusions of law, and order.

This matter involves a putative class action lawsuit pending in the United States District Court for the District of Maryland (the "Maryland Action").  Mr. Foster was a named plaintiff in the Maryland Action but was voluntarily dismissed approximately two years ago.  Marriot now seeks leave of the court to depose Mr. Foster.

The parties disagree as to the status of Mr. Foster, and consequently also disagree as to the standard the court should use in determining the appropriateness of deposing Mr. Foster.  Mr. Foster argues he is an absent member of the Maryland Action putative case, and as such, Marriot must meet a heavy burden of establishing a particularized need for his deposition.  On the other hand, Marriot argues Mr. Foster is not an absent class member, and therefore is not entitled to any heightened protection from discovery.

It is undisputed that Mr. Foster was voluntarily dismissed from the Maryland Action because he had no damages.  The parties disagree as to whether an individual who has no damages, and thus lacks Article III standing, can still be considered a member of a putative class.

To have standing under Article III, a plaintiff must "present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling."  Horne v. Flores, 557 U.S. 433, 445 (2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  It is well-established that named plaintiffs in a putative class action must demonstrate that they have standing.  However, at the class certification stage, named plaintiffs need not prove that absent class members have standing.  See DG ex rel. Stricklin v. Devaughn,

3

594 F.3d 1188, 1197-98 (10th Cir. 2010); <u>Kohen v. Pacific Inv. Mgmt. Co.</u>, 571 F.3d 672, 677 (7th Cir. 2009) ("[A] class will often include persons who have not been injured by the defendant's conduct . . . .  Such a possibility or indeed inevitability does not preclude class certification.").  The question that faces the court, however, is not so simple.  The court must determine if Mr. Foster is still considered a putative class member, for discovery purposes, when the parties agree that he has no damages.  This is a discrete inquiry from the issue of standing of absent class members during the class certification process.

Courts have found that, in the broader sense outside of class certification, absent class members must ultimately have standing.  See <u>Ortiz v. Fibreboard Corp.</u>, 527 U.S. 815, 831 (1999) (noting petitioners' argument that "exposure-only" class members lack an injury-in-fact and acknowledging need for Article III standing but turning to class certification issues first); <u>Id.</u> at 884 (Breyer, J., dissenting) (referring to the "standing-related requirement that each class member have a good-faith basis under state law for claiming damages for some form of injury-in-fact"); <u>Denney v. Deutsche Bank AG</u>, 443 F.3d 253, 263-64 (2d Cir. 2006); <u>Adashunas v. Negley</u>, 626 F.2d 600 (7th Cir. 1980); <u>Presbyterian Church of Sudan v. Talisman Energy, Inc.</u>, 244 F. Supp. 2d 289, 334 (S.D.N.Y. 2003) (noting that "each member of the class must have standing with respect to injuries suffered as a result of defendants' actions"); 7 AA Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 1785.1 (3d ed. 2005) ("[T]o avoid dismissal based on lack of standing, the court must be able to find that both the class and the representatives have suffered some injury requiring court intervention.").

The court agrees with the reasoning found in the above cases.  As such, the

4

court finds that because Mr. Foster lacks standing, he cannot be considered an absent class member. Accordingly, Mr. Foster is not entitled to heightened protection from discovery. Marriot is entitled to depose Mr. Foster under Fed. R. Civ. P. 30(a).

The court, however, finds that the limitations offered by Marriot in its Motion to Compel (Docket No. 5) are appropriate. The deposition shall be limited to four hours. The parties shall agree to a reasonably limited scope as to the request for documents from Mr. Foster. The deposition shall take place at a location convenient to Mr. Foster.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Lewis F. Foster's Motion to Quash Marriot's Deposition Subpoena (Docket No. 1) is **DENIED**. It is further

**ORDERED** that Defendants' Motion to Compel Lewis F. Foster's Deposition (Docket No. 5) is **GRANTED** with the limitations outlined above.

Date:  October 24, 2012             s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge